# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-1071

MATTHEW FRUGE

VERSUS

DR. LYNN FORET

**********

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2009-5950
HONORABLE RONALD F. WARE, DISTRICT JUDGE**

**********

**J. DAVID PAINTER
JUDGE**

**********

Court composed of J. David Painter, Phyllis M. Keaty, John E. Conery, Judges.

**AFFIRMED.**

Conery, J., Concurs.

**J. Gregory Bergstedt
Elizabeth F. Shea
Fraser, Wheeler & Bergstedt
P.O. Box 4886
Lake Charles, LA 70606-4886
(337)478-8595
COUNSEL FOR DEFENDANT-APPELLANT:
    Dr. Lynn Foret**

**John L. Hammons
Cornell R. Flournoy
Nelson & Hammons
705 Milam Street
Shreveport, LA 71101
COUNSEL FOR PLAINTIFF-APPELLEE:
    Matthew Fruge**

**PAINTER, Judge.**

This appeal presents the limited issue of whether a pre-trial settlement with the Patients' Compensation Fund (the Fund) should be applied as a credit to the damages awarded at trial against a non-settling healthcare provider. In this case, the trial court rendered judgment in favor of the plaintiff in excess of the statutory limit, then reduced the amount to the cap as provided by law and cast the defendant healthcare provider in judgment for the statutorily limited amount of $100,000.00 plus legal interest and costs. There was no credit or reduction given for amounts received by the plaintiff from his settlement with the Fund. The healthcare provider does not appeal the judgment against him insofar as it finds him liable for damages or as to the amount of damages awarded. He appeals only the trial court's refusal to apply the payment by the Fund as a credit to reduce the amount owed by him under the judgment. For the following reasons, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

Matthew Fruge began treating with Dr. Lynn Foret for various complaints, but his major problem was with recurrent dislocation of his shoulder. Dr. Foret performed surgery on Mr. Fruge's right shoulder, which involved the insertion of a screw. Following the surgery, Mr. Fruge developed an infection at the incision site. Another doctor performed a surgical procedure to drain the wound. Mr. Fruge continued to have problems with infection. The screw was removed in a third surgical procedure on January 29, 2002. His shoulder continued to dislocate. He eventually had to have a fourth surgery which fused the joint. After a Medical Review Panel rendered a decision in which one panelist found in favor of Dr. Foret and two panelists found in favor of Mr. Fruge, he filed this suit against Dr. Foret.

Prior to trial, the Fund reached a settlement agreement with Mr. Fruge and paid him a total of $600,000.00 in full settlement of his claims against it. The case against Dr. Foret proceeded to bench trial. The trial court found that Dr. Foret committed malpractice and that Mr. Fruge was entitled to damages in the amount of $700,000.00 for physical pain and suffering, mental anguish and distress, residual disability, loss of the quality of life, interference with daily activities, and loss of earning capacity and $65,936.48 in future medical care and related benefits incurred after the date of injury. The judgment reduced the amount to $500,000.00 pursuant to La.R.S. 40:1299.42(B)(1) and ordered that Dr. Foret's liability was limited to $100,000.00 plus legal interest from September 20, 2002 until paid plus costs of the proceedings pursuant to La.R.S. 40:1299.42(B)(2). The judgment also found Mr. Fruge to be in need of future medical care. The judgment made no mention of the settlement with the Fund and gave Dr. Foret no credit therefor.

Dr. Foret appeals, contending only that the trial court miscalculated the damage award because it did not first reduce the amount awarded to the statutory cap and then further reduce the amount awarded by the $600,000.00 received by Mr. Fruge from the Fund prior to trial. As such, Dr. Foret contends that he owes nothing under the judgment. To the contrary, Mr. Fruge contends that the trial court correctly ruled that Dr. Foret must pay the $100,000.00 limit of his liability and that the settlement with the Fund prior to trial has no effect on the financial liability imposed by the judgment on Dr. Foret.

Mr. Fruge filed a motion to supplement the record with a copy of the receipt and release evidencing his settlement with the Fund. "Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. The receipt and release document was not part of the

2

trial court record. Counsel for Mr. Fruge contends that the trial court did not rule on their motion to hold the record open for the receipt and release and admits that the document was never offered into evidence. Therefore, we deny the motion to supplement. However, for the reasons that follow, we affirm the judgment of the trial court finding that Dr. Foret must pay $100,000.00 plus legal interest and costs.

## DISCUSSION

The Louisiana Medical Malpractice Act (the Act), at La.R.S. 40:1299.42, provides in relevant part as follows:

> B. (1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.
>
> . . . .
>
> D. (1) Evidence of an advance payment is not admissible until there is a final judgment in favor of the plaintiff, in which event the court shall reduce the judgment to the plaintiff to the extent of the advance payment.
>
> (2) The advance payment shall inure to the exclusive benefit of the defendant or his insurer making the payment.
>
> (3) In the event the advance payment exceeds the liability of the defendant or the insurer making it, the court shall order any adjustment necessary to equalize the amount which each defendant is obligated to pay, exclusive of costs.
>
> (4) In no case shall an advance payment in excess of an award be repayable by the person receiving it.
>
> (5) In the event that a partial settlement is executed between the defendant and/or his insurer with a plaintiff for the sum of one hundred thousand dollars or less, written notice of such settlement shall be sent to the board. Such settlement shall not bar the continuation of the action against the patient's compensation fund for excess sums in which event the court shall reduce any judgment to the plaintiff in the amount of malpractice liability insurance in force as provided for in R.S. 40:1299.42(B)(2).

Dr. Foret argues that the amount received in settlement from the Fund by Mr. Fruge was an "advance payment" under the Act and that a credit for the

payment must be given in the judgment to reduce his liability. He reasons that "A plaintiff is not entitled to recover damages from the [Fund] before an admission of liability has been made by the defendant [healthcare] provider, then recover again after a judgment has been rendered against the defendant [healthcare] provider."

Mr. Fruge, on the other hand, argues that the settlement between him and the Fund "has no legal effect whatsoever on the financial liability imposed by the judgment on Dr. Foret."

Whether or not the trial court correctly applied the provisions of the Act in rendering judgment against Dr. Foret poses a question of law. "Appellate review of a question of law is simply a decision as to whether the lower court's decision is legally correct or incorrect." *Jim Walter Homes, Inc. v. Jessen*, 98-1685, p. 5 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 702 (*citing Ducote v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96), 677 So.2d 1118). Then, if we find that a reversible error of law was made, we review the facts de novo. *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993).

In written reasons for judgment, the trial court stated:

The Louisiana Medical Malpractice Act, specifically [La.R.S.] 40:1299.42(C) Limitation of Recovery, provides that any advanced payment made by the defendant [healthcare] provider or his insurer to or for the plaintiff or any other person, may not be construed as an admission of liability for injuries or damages suffered by the plaintiff or anyone else in action brought for medical malpractice. This statute in the Medical Malpractice Act in 40:1299.42(D)(2) further states that the advanced payments shall inure to the exclusive benefit of the defendant or his insurer making the payment.

In reading these two provisions of the [M]edical [M]alpractice [A]ct together, the court determined that credit for any advanced payments is only given if the payment was made by a defendant healthcare provider or his insurer. In this instance[,] the [Fund] settled with the [p]laintiff before trial, making an advanced payment. However[,] the [Fund] is neither a defendant healthcare provider[] nor his insurer. . . .

4

After a trial on the merits, the Court found Dr. Foret liable for the plaintiff's injuries. . . The [Fund] settled with [plaintiff] prior to the trial to protect its own interest. Section 40:1299.42(D)(2) of the Louisiana Medical Malpractice Act is unambiguous in stating that any advanced payments shall inure to the exclusive benefit of the defendant or his insurer making the payment. Dr. Foret has not paid anything; therefore[,] he cannot receive any credit. The settlement before trial between the plaintiff and the [Fund] does not constitute an advanced payment in the context of the [M]edical [M]alpractice [A]ct[;] therefore[,] it is not considered a credit in favor of Dr. Foret to be applied to the judgment rendered by this court.

We find that the trial court was legally correctly in its application of the relevant provisions of the Act to the judgment against Dr. Foret, and we agree with the trial court's reasoning. The Act is clear in its pronouncement that: "[t]he advance payment shall inure to the exclusive benefit of the defendant or his insurer making the payment."

## DECREE

Finding that the judgment correctly reduced the award to the statutory limitation and made no adjustment for amounts received in settlement by Mr. Fruge from the Fund prior to trial, we affirm the trial court's judgment. Costs of this appeal are assessed to Defendant-Appellant, Dr. Lynn Foret.

**AFFIRMED.**